821 P.2d 254

**In re the Marriage of Carolyn Ann GORE, Petitioner–Appellant,**

v.

**Raymond Paul GORE, Respondent–Appellee.**

No. 1 CA–CV 90–330.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 24, 1991.

Law Offices of David W. Eagle by David W. Eagle and Michael A. Friedman, Phoenix, for petitioner-appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Larry L. Smith, Phoenix, for respondent-appellee.

## OPINION

VOSS, Judge.

The sole issue in this appeal is whether A.R.S. § 25–320(C)[1] applies to child support obligations created prior to its enactment.

The parties in this action were divorced in 1976. They have a daughter who was born in 1973. The parties' decree of dissolution of marriage ordered that the child support obligation would end when the child "reaches the age of eighteen years, marries, dies, becomes emancipated or enters full time military service." The parties' daughter turned 18 in August 1991; she will not complete high school until June 1992.

In 1987 the legislature enacted A.R.S. § 25–320(C), which extends the child support obligation until the child completes high school.[2] Appellant, pursuant to the statute, requested that the court order that appellee's child support obligation extend beyond the time the child reached the age of majority until the child finished high school. The trial court denied the request, finding that the decree was controlling and the statute was not applicable because it was not in effect at the time the decree was entered.

---

1. A.R.S. § 25–320(C) provides: If a child reaches the age of majority while the child is attending high school, support shall continue to be provided during the period which the child is actually attending high school.

2. A.R.S. § 25–320(C) as amended in 1987 provided if a child reached majority while attending high school, after considering certain factors, "the court may order support to continue past the age of majority ... but not beyond June 1 of the school year during which the child reaches the age of majority." The statute was amended again in 1988 eliminating the requirement that the court consider the factors previously set forth and ordering that the court "shall" order support to continue. This statute was amended again in 1990 and now simply states that child support shall continue while the child is actually attending high school.

Appellant contends that the trial court erred by refusing to apply A.R.S. § 25–320(C). We agree.

In 1987 the legislature amended both A.R.S. § 25–320(C) and A.R.S. § 12–2451 in the same house bill. The amendment to A.R.S. § 12–2451, like A.R.S. § 25–320(C), extended parents' duty to support their child until the child completes high school. In enacting these statutes, the legislature obviously intended to ensure parental support while children were attending high school, which, as appellant suggests, would have the effect of helping to prevent high school dropouts for financial reasons. These two statutes must be intended to apply to all children who were under the age of 18 when the statutes were enacted. The appellant, the custodial parent here, is obligated by A.R.S. § 12–2451 to support her daughter until she completes high school. It is difficult, if not impossible, for this court to believe that the legislature, which amended these statutes in the same house bill, intended that the non-custodial parent's obligation to support his child would cease nine months before the custodial parent's obligation simply because the parties were divorced and the non-custodial parent's obligation was governed by § 25–320(C) rather than § 12–2451.

This does not end our inquiry, however, because appellee contends that applying the statute to him would constitute retroactive application. Generally, a statute may not be retroactively applied unless retroactive application is specifically provided for by the legislature. A.R.S. § 1–244. Nor may a child support obligation be modified retroactively. *Lamb v. Superior Court*, 127 Ariz. 400, 621 P.2d 906 (1980). A.R.S. § 25–320 does not specifically provide for retroactive application. Therefore we look to whether retroactive application is required here.

In Arizona, laws are not considered retroactive simply because they relate to past events. *Hall v. ANR Freight Systems, Inc.*, 149 Ariz. 130, 717 P.2d 434 (1986). A statute is considered retroactive when it affects a vested right. *Id.* Child support

payments become vested upon the due date of each payment; each installment "is in the nature of a final judgment conclusively establishing the right and duties of the parties to that installment." *Harding v. Sutherlin*, 120 Ariz. 193, 195, 584 P.2d 1184, 1186 (App.1978). Thus, the appellee's right to cease making child support payments on the child's 18th birthday was not a vested right until the child's 18th birthday. Accordingly, as the statute extending the duration of child support payments was enacted long before the child's 18th birthday, it does not require retroactive application.

In *Ramacciotti v. Ramacciotti*, 106 Nev. 529, 795 P.2d 988 (1990), the Supreme Court of Nevada held that extending a non-custodial parent's support obligation beyond the child's 18th birthday in accordance with a statutory amendment did not have the effect of giving retroactive application to the amendment. The Missouri Court of Appeals has also recently affirmed a trial court's modification of a divorce decree pursuant to a statutory amendment extending the duration for support from 21 years to 22 years if the child was enrolled in an institution of higher learning. *Davis v. Helton*, 796 S.W.2d 409 (Mo.Ct.App.1990). The Missouri court held that the court was required to modify the decree in conformance with the statute as the statute was effective prior to the child's 21st birthday. Our supreme court has held that legislation changing the age of majority is neither prospective or retrospective and it affects all minors upon its effective date. *Stanley v. Stanley*, 112 Ariz. 282, 541 P.2d 382 (1975). Likewise, legislation changing the period during which a parent must support a child is neither prospective nor retrospective and affects all minors upon its effective date.

Both parties request attorney's fees. This court has the authority to award attorney's fees pursuant to A.R.S. § 25–324. A.R.S. § 25–324 provides that the court, after considering the financial resources of the parties, may order a party to pay the attorney fees and costs incurred by the other party for maintaining or de-

fending the proceeding. The primary intent of § 25–324 is to assure a remedy to the party least able to pay. *Edsall v. Superior Court*, 143 Ariz. 240, 693 P.2d 895 (1984). The record establishes that appellee's income is 77 percent greater than appellant's income. Therefore, in the exercise of our discretion, we award appellant her attorney's fees and costs incurred on appeal. Appellant is directed to file a statement of costs and attorney's fees pursuant to Rule 21, Rules of Civil Appellate Procedure.

The order of the trial court is reversed and remanded for further proceedings consistent with this opinion.

EHRLICH, P.J., and CONTRERAS, J., concur.