840 P.2d 313

Paul WADDELL

v.

38th STREET PARTNERSHIP, et al.

No. TX 91–01494.

Tax Court of Arizona.

Oct. 23, 1992.

138

Atty. Gen. by Michael F. Kempner, Phoenix, for plaintiff-appellant.

Nearhood & Associates by James R. Nearhood, Phoenix, George S. Barnett, Townsdin Dybvig & Heimbach, P.C. by Gary W. Heimbach, Tully & Wezelman, P.C. by James D. Wezelman, Tucson, for defendants-appellees.

## OPINION

MORONEY, Judge.

This is another case spawned by the Arizona Court of Appeals' decision in *Hayden Partners Ltd. Partnership v. Maricopa County*, 166 Ariz. 121, 800 P.2d 987 (App. 1990). In *Hayden Partners*, the issue presented arose from the process of constructing residential subdivisions. When the process begins, the property to be developed is vacant land, classed in class four, according to A.R.S. § 42–162. When the process ends, the vacant land has been converted into "property used for residential purposes." A.R.S. § 42–162(A)(5)(a). A.R.S. § 42–162 provides that property used for residential purposes is classed in class five. *Hayden Partners* interpreted the then version of A.R.S. § 42–162 to provide a standard for when during the metamorphosis the reclassification is to take place.

In Arizona, property taxes are imposed on the assessed valuation of property. A.R.S. §§ 42–227, 42–253. The assessed valuation is determined by multiplying a "percentage" times the property's valuation. A.R.S. § 42–201(1). Percentages applicable to the various classes are set out in A.R.S. § 42–227. Hereafter, the Court will refer to the relationships between the A.R.S. § 42–162 classes, and the A.R.S. § 42–227 "percentages" that apply to them, as "assessment ratios."

Assessment ratios vary depending upon how a property is classified pursuant to A.R.S. § 42–162. Class four property is assessed at sixteen percent of its valuation, while class five property is assessed at ten percent. A.R.S. § 42–227(A)(4), (5). A.R.S. § 42–162(B), prior to June 3, 1991, provided that, for purposes of classification of property, partially completed or vacant improvements should be classified according to their intended use.

The question in *Hayden Partners* was, how much construction did it take so that a property was sufficiently "partially completed" to trigger a reclassification? Prior to October 4, 1990, assessors in the various counties applied different standards, all based on a percentage of completion, to determine the A.R.S. § 42–162 class.

On October 4, 1990, the Court of Appeals announced its decision in *Hayden Partners*. The standard announced by *Hayden Partners* for classifying property as residential was based on a totality of the circumstances. If the totality of the circumstances established that the property was intended for a residential use, it was entitled to be placed in a residential A.R.S. § 42–162 class. This standard did not depend on construction. It considered such criteria as recorded declarations of limitations on use of the property, and off-site improvements. Once a parcel was objectively committed to a residential end use, it was entitled to a residential classification,

even if the parcel itself had no construction on it at all. This standard announced an earlier point in the process at which reclassification occurred than had theretofore been in place in any county in the state.

This interpretation appeared to effect a classification change for a very large number of unfinished residential lots throughout the state. When the decision was announced, many taxpayers who thought *Hayden Partners* entitled them to a residential classification on their unfinished lots, found that the assessor had already classified their lots as vacant land for 1991. They appealed administratively, and on the basis of *Hayden Partners*, many of them prevailed. No county appealed these decisions.

The Defendants in this case are all persons who obtained favorable administrative decisions from a County Board of Equalization or from the State Board of Tax Appeals. The administrative decisions were all based on the *Hayden Partners* case. The time for appeal by the counties had passed when this suit was filed.

In 1991, the legislature enacted Senate Bill 1370 which amended A.R.S. § 42–162. It was passed with an emergency clause and signed into law on June 3, 1991. 1991 Ariz.Legis.Serv. 733 (West). The 1991 legislature later passed House Bill 2222, which also amended A.R.S. § 42–162, and which repealed the amendments to A.R.S. § 42–162 which had been enacted by Senate Bill 1370. This too was passed with an emergency clause. It became effective on June 28, 1991. 1991 Ariz.Legis.Serv. 1656 (West). Both Senate Bill 1370 and House Bill 2222 specifically legislated that the amendments to A.R.S. § 42–162 be retroactive to the 1986 tax year.

A.R.S. § 42–162(B) as amended reads:

For the purposes of classification of property under this section, partially completed or vacant improvements on the land including improved common area tracts shall be classified according to their intended use as demonstrated by objective evidence. For property not valued by the department, an improvement on the land is considered to be partially completed when the foundation of the structure or structures to be located on the property is in place. The only portion affected by the reclassification is the improvement on the land and that portion of the land that is necessary to support the use of the structure or structures except that common area tracts in residential developments associated with partially completed improvements shall receive the same classification as the partially completed improvements. Property that is not valued by the department and that does not have a structure or structures and is actively used for commercial purposes shall be classified as prescribed by subsection A of this section. This subsection does not apply to property that is classified as agricultural pursuant to § 42–167.

On November 1, 1991, the Department of Revenue sued all persons in the State which it could locate whose property had been reclassified administratively because of the *Hayden Partners* case. In this suit, the Department seeks to have these property reclassifications set aside.

The Department's authority for filing suit is A.R.S. § 42–141(B)(7). A.R.S. § 42–141(B)(7) provides that the Department may appeal to the Tax Court any decision of any County Board of Equalization or of the State Board of Tax Appeals. The appeal must be made in the manner provided in A.R.S. § 42–177, on or before the final date a taxpayer may file an appeal from the valuation or classification of his property. A.R.S. § 42–176 provides that if a specific issue of law exists, such an appeal may be filed as late as November 1. The issue of law is whether the 1991 amendments to A.R.S. § 42–162, passed after the Taxpayers' administrative appeals had been concluded, are applicable to the 1991 tax year.

It is the position of the Department of Revenue that the standard for classifying the Defendants' property for tax year 1991 is not the standard announced in *Hayden Partners*, but is the standard set out in the amended A.R.S. § 42–162(B). The Taxpayers argue that to retroactively apply the

amended A.R.S. § 42–162(B) to tax year 1991 deprives them of a vested right and is, therefore, a violation of their constitutional right to due process. On these points issue was joined.

Pursuant to A.R.S. § 42–141(B)(7), this case is subject to A.R.S. § 42–177. It is also subject to A.R.S. § 42–178(A), which provides that it must be tried within 270 days unless the parties agree to a postponement.

The *Hayden Partners* case has generated much other litigation, and all of these cases have been consolidated into a case captioned *A–M Community Developers v. Maricopa County,* TX 89–00107 (Consol.). These cases have been consolidated so that all of the various issues of law common to these cases could be heard and decided prior to the parties having to contend individually with issues of fact. It was anticipated that the case under consideration would also be consolidated into the *Hayden Partners* cases.

Some Defendants, however, elected not to agree to postpone trial. Those that would so agree were severed and consolidated, and the case before the bench proceeded to trial with the Defendants that remained.

The Court enters a verdict in favor of government. The sole issue to be decided is whether the amendments to A.R.S. § 42–162(B) apply to the tax year 1991. The Court holds that they do.

■ Subject to constitutional limitations, the legislature has plenary power over taxation. *Consolidated Motors, Inc. v. Skousen,* 56 Ariz. 481, 488, 109 P.2d 41, 44 (1941), *cert. denied,* 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507 (1941), *Pacific Fruit Express Co. v. City of Yuma,* 32 Ariz. 601, 604, 261 P. 49, 51 (1927); *Davis v. State,* 1 Ariz.App. 264, 268, 401 P.2d 749, 753 (1965). The legislation passed in 1991 which amended A.R.S. § 42–162 specifically made the amendments retroactive to the 1986 tax year. Therefore, absent a constitutional defect, the amendments apply to the 1991 tax year.

■ Legislation is presumed to be constitutional. A party asserting unconstitutionality has the burden of overcoming that presumption. *Eastin v. Broomfield,* 116 Ariz. 576, 580, 570 P.2d 744, 748 (1977); *Lake Havasu City v. Mohave County,* 138 Ariz. 552, 560, 675 P.2d 1371, 1379 (App. 1983). If the 1991 amendments are not to apply to the 1991 tax year, the Taxpayers have the burden of establishing that to so apply them would infringe upon a constitutional right which the Taxpayers would otherwise enjoy.

The Taxpayers argue that they have vested rights of which the amendments to A.R.S. § 42–162, if effective for the 1991 tax year, deprive them. They make two arguments. They argue a vested right in the administrative determinations that were not appealed until after the applicable law was changed. They also argue a right in the old law (as interpreted by *Hayden Partners*) which vested when their property became subject to the tax lien on January 1, 1991.

The Taxpayers cite, as authority for the position they espouse, *Hall v. A.N.R. Freight Systems, Inc.,* 149 Ariz. 130, 717 P.2d 434 (1986). The Taxpayers interpret *Hall* to hold that their right to have their property classified by the *Hayden Partners* standard vested when they filed the administrative appeals which resulted in reclassification of their property from class four to class five. In reaching this conclusion, the Taxpayers equate the filing of their appeals with the filing of the complaint in *Hall.*

The Court is of the opinion that the Taxpayers misread *Hall.* It is not the holding in *Hall* that rights vest, if they are to vest, with the filing of a complaint. The *Hall* court said "[A] right vests only when it is actually assertable as a legal cause of action or defense or is so substantially relied upon that retroactive divestiture would be manifestly unjust." *Hall,* 149 Ariz. at 140, 717 P.2d at 444. In *Hall,* the right at issue vested when the Complaint was filed. In other cases, however, a different event may be the final characteristic which makes the right assertable as a legal cause

of action or defense. *See Rio Rico Properties, Inc. v. Santa Cruz County*, 172 Ariz. 80, 834 P.2d 166 (Tax 1992).

In focusing on when rights vest, however, the Taxpayers race past consideration of a necessary element of their claim. In order for the Taxpayers to prevail, they must show that the right of which they have been deprived was their property.

For purposes of the issues in this case, the relevant provisions of the amendments to the statute provide that the standard for determining when a property has transmogrified from vacant land to a residence is when the foundation of the house is in place on the lot. The amendments also provide that common area tracts receive the same classification as the partially completed improvements with which they are associated.

*Hayden Partners* interpreted A.R.S. § 42–162(B), before it was amended, to provide that, once there has been sufficient progress made in a residential subdivision to objectively determine that a lot, or a common area tract, is intended for residential use, such property is entitled to a residential classification. Taxpayers claim they are entitled to have the benefit of the *Hayden Partners* standard, rather than that of the amended act.

■ What *Hayden Partners* defined, and what the amended act changed, is a means of ascertaining a property tax classification. Classification is one of the elements by which a property tax is measured. The Court holds that whatever property rights as may exist in a means of measuring a tax belong exclusively to the legislature. The legislature can change the standard for measuring a tax as it sees fit. Implementation of a standard for measuring a tax may lead to circumstances in which a property right arises which a taxpayer can fairly claim. Payment of a tax, for example, may give rise to a right to a refund. In such a case, the property right is the right to the refund. There is never any property right which a taxpayer can claim to the tax classification itself.

The Colorado Supreme Court made the same determination in similar circumstances in *Martin v. Board of Assessment Appeals*, 707 P.2d 348 (Colo.1985). The Colorado Court stated, "[W]e ... find that taxpayers have no vested right in the factors used to determine the actual value of assessed property." *Martin*, 707 P.2d at 354.

■ The Taxpayers argue that they are entitled to the benefit of the final administrative decisions with respect to the classification of their property. Those decisions, however, are not final. A.R.S. § 42–141(B)(7) authorizes the Department to appeal a decision of a County Board of Equalization or of the State Board of Tax Appeals until November 1 under conditions which exist in this case. The decisions in which the Taxpayers claim their rights are vested are not yet final.

■ Even if they were, the legislature could change them. When the change in the classification standard became effective, no tax had been paid. A.R.S. § 42–342. Indeed, no tax had been assessed. A.R.S. § 42–304. The Taxpayers do not have a property right in a method of classification for property tax purposes. The legislature has the power to make changes in classification standards at any time. It may make such changes retrospective, so long as, in doing so, it does not impair a vested right. *Colonial Pipeline Co. v. Commonwealth of Virginia*, 206 Va. 517, 145 S.E.2d 227 (1965).

The *Hayden Partners* opinion interpreting A.R.S. § 42–162 was published on October 4, 1990. On January 1, 1991, a lien for 1991 property tax attached to the Taxpayers' property. A.R.S. § 42–312. The amount of the tax, and, therefore, the amount of the lien, was not then known. A.R.S. § 42–304. Liability for property tax is an annual burden imposed on all taxable property in the state. The attachment of an inchoate tax lien on the Taxpayers' property on January 1 was not an event which gave rise to a property right in the then existing method of computing the tax on the property. *Martin v. Board of Assessment Appeals* 707 P.2d 348, 354 n. 6 (Colo.1985).

The relevant amendments to A.R.S. § 42–162 became effective on June 3, 1991. At that time, the tax rate had not yet been set, and the tax had not been assessed. The Court need not consider what the effect of assessment or payment of the tax would have been, since, when the amendments to A.R.S. § 42–162 became effective, neither of these events had occurred. When the amendments to A.R.S. § 42–162 became effective, the Taxpayers had no property right of which the legislation deprived them.

Since the legislation effecting the change in classification became effective before the 1991 property tax was assessed, and the legislation amending A.R.S. § 42–162 clearly intended that it apply in 1991, the Court holds that the classification standard set out in the amended act applies to property taxes assessed on property for the 1991 tax year.