NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SIETE SOLAR, LLC, a limited liability company; and MESQUITE SOLAR
1, LLC, a limited liability company, *Plaintiffs/Appellants*,

*v.*

ARIZONA DEPARTMENT OF REVENUE, an agency of the State of
Arizona, MARICOPA COUNTY, *Defendants/Appellees*.

No. 1 CA-CV 15-0126
FILED 12-10-2015

Appeal from the Superior Court in Maricopa County
Nos. CV2014-090051 and CV2014-092814 (Consolidated)
The Honorable Mark F. Aceto, Judge (Retired)

**AFFIRMED**

COUNSEL

Mooney Wright & Moore, Mesa
By Paul J. Mooney and Bart S. Wilhoit
*Counsel for Plaintiffs/Appellants*

Arizona Attorney General's Office, Phoenix
By Kenneth J. Love and Macaen F. Mahoney
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**G O U L D**, Judge:

**¶1**          This appeal presents multiple questions; first, whether an amendment to a property tax valuation law that is not retroactive can be applied to a tax appeal that is already pending. We conclude that it cannot. Second, if the amendment does not apply, can it be used to interpret the prior applicable version of the statute? Because the amendment here changes rather than clarifies the law, it cannot be used to interpret the meaning of the prior statute. Finally, does the original version of the statute support the valuation employed by the Department? We hold that it does. Accordingly, we affirm the superior court's grant of summary judgment for the Arizona Department of Revenue (the "Department").

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Siete Solar LLC, Mesquite Solar LLC, and Perrin Ranch Wind LLC ("Taxpayers") operate electric generation facilities that use renewable energy equipment. Siete Solar received a rebate, or reimbursement, in the form of an investment tax credit from the federal government totaling 30% of the qualifying amount it spent to build its facility. Perrin Wind and Mesquite Solar also received a rebate, or reimbursement in the form of cash grants in lieu of tax credits equal to 30% of the qualifying amount they spent to build their facilities.[1]

**¶3**          For the 2014 tax year Taxpayers reported the cost of their facilities as the cost to build the facilities less the amounts they received as federal tax credits/grants.[2] However, when the Department performed its valuation of Taxpayers' property pursuant to Arizona Revised Statute

---

[1]      Mesquite Solar's cash grant was actually reduced to 21.3% due to government sequestration.

[2]      Counsel for Taxpayers noted at oral argument that since facilities were leased, the subject tax credits/grants were applied to the cost of purchasing energy renewable equipment for the facilities.

("A.R.S.") § 42-14155, it added the amount of the federal tax incentives back into the amount Taxpayers reported before applying the valuation formula. Taxpayers appealed this valuation to the State Board of Equalization. The Board upheld the Department's valuations.

¶4            Taxpayers timely appealed the Board's decisions to the superior court pursuant to A.R.S. §§ 42-16158 (2009) and -16203 (2006). Siete Solar and Mesquite Solar filed their complaint and notice of property tax appeal in Maricopa County on January 10, 2014. Perrin Wind filed its complaint in Coconino County on January 14, 2014. Perrin Wind then requested a change of venue to Maricopa County so the case could be consolidated with the pending Siete Solar and Mesquite Solar litigation. The court granted this motion.

¶5            While Taxpayers' appeals were pending in superior court, on April 30, 2014, the Governor signed into law a legislative amendment to A.R.S. § 42-14155. The amendment was not retroactive and had no specified effective date; thus, it became effective on July 24, 2014.[3] The statute effective prior to July 24, 2014 read as follows:

> A. Through December 31, 2011, the department shall determine the valuation of taxable renewable energy equipment in the manner prescribed by this section.
>
> B. The value of renewable energy equipment is twenty percent of the depreciated cost of the equipment.
>
> C. For the purposes of this section "Renewable energy equipment" [is defined].

A.R.S. § 42-14155 (2008) ("original statute").

However, the 2014 amendment changed the statute to read:

> A. Through December 31, 2040, the department shall determine the full cash value of taxable renewable energy equipment in the manner prescribed by this section.

---

[3]        "An act with no specified effective date takes effect on the ninety-first day after the day on which the session of the legislature enacting it adjourns *sine die*." *True v. Stewart,* 199 Ariz. 396, 397 n.1 (2001). The legislature enacted the 2014 amendment in the second regular session of the fifty-first legislature, which adjourned *sine die* on April 24, 2014.

B. The full cash value of renewable energy equipment is twenty per cent of the depreciated cost of the equipment. *Depreciated cost shall be determined by deducting depreciation from taxable original cost.* Depreciation shall not exceed ninety per cent of the adjusted original cost.

C. For the purposes of this section:

1. "Depreciation" means straight-line depreciation over the useful life, as adopted by the department, of the item of property.

2. "Original cost" means the actual cost, without trending, of acquiring or constructing property, including additions, retirements, adjustments and transfers.

3. "Renewable energy equipment" [is defined].

4. *"Taxable original cost" means original cost, as defined in this section, reduced by the value of any investment tax credits, production tax credits or cash grants* in lieu of investment tax credits applicable to the taxable renewable energy equipment.

A.R.S. § 42-14155 (2014) (emphasis added) ("the 2014 amendment").

¶6 Taxpayers moved for summary judgment on June 6, 2014. They argued that under the 2008 version of section 42-14155 the Department improperly valued their renewable energy equipment by adding back the amounts of cash grants and tax credits to the cost Taxpayers reported. The motion mentioned the amendment to section 42-14155 and attempted to use the amended version to interpret the 2008 version.

¶7 The Department filed a response and cross-motion for summary judgment arguing the plain language of the 2008 statute supported the Department's valuation. On August 18, 2014, Taxpayers filed their reply contending that the 2014 amendment applied to the litigation. The Department responded that the 2014 amendment did not apply because the law existing at the time of the valuation year – the 2008 statute – was the law applicable to Taxpayers' valuation appeals.

¶8 In light of the parties' dispute over the applicability of the 2014 amendment, the superior court requested supplemental briefing on the issue of whether it was limited to considering only those matters that

were presented to the Department and the Board. Both parties filed motions urging the superior court to consider the issues briefed; they both agreed, however, that the appeal to the superior court from the valuation decision made by the Department and the Board was de novo and both parties could present any evidence relating to the valuation.

**¶9**      The court then ruled that the amendment was a change, not a clarification of the law, denied Taxpayers' motion for summary judgment, and granted the Department's cross-motion for summary judgment.

**¶10**      After further proceedings, the court entered judgment in favor of the Department. Taxpayers timely appealed.

## DISCUSSION

I.      Standard of Review

**¶11**      Summary judgment is proper if there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "When reviewing a grant of summary judgment on undisputed facts, our role is to determine whether the trial court correctly applied the substantive law to the facts." *Town of Miami v. City of Globe*, 195 Ariz. 176, 178, ¶ 3 (App. 1998). Our review is de novo. *Ariz. Dep't. of Revenue v. S. Point Energy Ctr., LLC*, 228 Ariz. 436, 439, ¶ 11 (App. 2011). "Statutory construction likewise raises questions of law subject to de novo review." *Id.*

II.      Application of the 2014 Amendment

**¶12**      Taxpayers argue the 2014 amendment applies to their tax appeals because the amendment became effective before the taxes in question were assessed. They rely on *Waddell v. 38th St. P'ship*, 173 Ariz. 137 (Tax. 1992), to conclude that until a tax has been assessed, any change in law can be applied to that tax year. Taxpayers' reliance on *Waddell*, however, is misplaced.

**¶13**      "Statutes must contain an express statement of retroactive intent before retroactive application may occur." *Aranda v. Indust. Comm'n of Ariz.*, 198 Ariz. 467, 470, ¶ 10 (2000); *see also* Ariz. Const. art. 2, § 25. The only exception is a change in procedural law that does not affect a vested substantive right. *Aranda*, 198 Ariz. at 470, ¶ 11.

**¶14**      In *Waddell*, the Department appealed a decision of the County Board of Equalization to the superior court concerning a 1991 tax valuation.

173 Ariz. at 141. While the appeal was pending, but before the taxes were assessed, the legislature amended the relevant property valuation statute. *Id.* at 139. The amended statute contained a specific provision stating it was retroactive to the 1986 tax year. *Id.* Relying on the retroactivity provision, the court concluded that the legislature "clearly intended" the 1991 amendment to apply to the 1991 tax year. *Id.* at 142.

¶15 Taxpayers correctly note that here, as in *Waddell*, A.R.S. § 42-14155 was amended prior to assessment of the subject taxes. However, *Waddell's* discussion of whether substantive rights vest prior to assessment of a tax was made in context of a law expressly stating the amendments were retroactive to the subject tax year. Here, the 2014 amendment contains no retroactivity provision. Thus, it can only be applied to this litigation if such application is not retroactive. *See Aranda*, 198 Ariz. at 472, ¶ 24 ("[A] statute is not retroactive in application simply because it may relate to antecedent facts.").

¶16 The statutory valuation method in place on the valuation date is not a mere antecedent fact to which the 2014 amendment relates. *Aranda*, 198 Ariz. at 472, ¶ 25 (distinguishing between "antecedent facts to which the statute 'relates'" from "operative events which result in vesting" of substantive rights). The legislature has explicitly stated that the valuations to be used in calculating the full cash value of property "are the values determined as of January 1 of the valuation year." A.R.S. § 42-14153(C).

¶17 Valuations are set by the Department annually the year prior to the tax year; that valuation is then used to determine the full cash value of taxable property in accordance with statutory methods provided depending on the type of property. A.R.S. § 42-14151. The legislature has presumptively set the valuation date for property valued by the Department as "January 1 of the year preceding the year in which taxes are levied." A.R.S. § 42-11001(18). Thus, the valuation method employed by the Department in this case was statutorily mandated to be the method in place on January 1, 2013 unless the legislature specifically provided otherwise.

¶18 The 2014 amendment does not direct its valuation method to be applied to the 2014 tax year or the 2013 valuation year. The legislature could have directed this application. In fact, in prior amendments of § 42-14155 the legislature did just that. *See* 2003 Ariz. Sess. Laws, ch. 37, § 8 (1st

Reg. Sess.).[4]  Therefore, because the 2014 amendment is not retroactive and does not direct that it apply to valuations determined in the 2013 valuation year, it cannot apply to Taxpayers' claims.

III.    Interpretation of the Prior Statute § 42-14155

**¶19**        We turn now to the question of whether the Department correctly added the tax credits and cash grants back into Taxpayers' costs under the original statute.

**¶20**        Our primary task when interpreting statutes is to give effect to the legislature's intent.  *Bustos v. W.M. Grace Dev.*, 192 Ariz. 396, 398 (App. 1997).  To do so we first "'look to the language of the statute itself.'"  *Aileen H. Char Life Interest v. Maricopa Cty.*, 208 Ariz. 286, 299, ¶ 44 (2004) (quoting *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11 (2003)).  If the language "is clear and unambiguous, it is normally conclusive unless clear legislative intent to the contrary exists or impossible or absurd consequences would result."  *Bustos*, 192 Ariz. at 398; *see also Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268 (1994) ("If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation.").  We will construe tax statutes liberally in favor of the taxpayer.  *Brink Elec. Const. Co. v. Ariz. Dep't of Rev.*, 184 Ariz. 354, 358 (App. 1995).

**¶21**        Taxpayers argue the 2014 amendment construes and clarifies the applicable 2008 version of A.R.S. § 42-14155.  There is a general presumption "that a statutory amendment changes the existing law" rather than clarifies it.  *Microchip Tech. Inc. v. State*, 230 Ariz. 303, 308, ¶ 18 (App. 2012).  This presumption can be rebutted where amendments enacted shortly after the original version clarify ambiguities in the earlier version. *State v. Sweet*, 143 Ariz. 266, 271 (1985) (stating that an amendment enacted one year after the original version indicated an intent to clarify the earlier statute).  However, when an amendment is enacted "'after a considerable

---

[4]        Indeed, the legislature is aware of its power to make tax statutes retroactive, and has done so on many occasions when amending laws regarding the valuation of property.  *See, e.g.*, 2009 Ariz. Sess. Laws, ch. 169, §§ 1-2 (amending A.R.S. § 42-14403; relating to the valuation of telecommunications property, retroactively effective to December 31, 2008); 2002 Ariz. Sess. Laws, ch. 234, § 3 (amendments relating to valuation of electric generation property and retroactively effective to January 1, 2002); 1994 Ariz. Sess. Laws, ch. 271, §§ 2-3 (amendments relating to valuation of telecommunications property and retroactively effective to January 1, 1994).

length of time and constitutes a clear and distinct change of the operative language, it is an indication of the legislature's intent to change rather than clarify the previous statute.'" *San Carlos Apache Tribe v. Superior Court ex rel. Cty. Of Maricopa*, 193 Ariz. 195, 209-10, ¶ 31 (1999) (quoting *O'Malley Lumber Co v. Riley*, 126 Ariz. 167, 169 (App. 1980) abrogated on other grounds by *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 269 n.5 (1994)).

**¶22** Here, the 2014 amendment to A.R.S. § 42-14155 may not be used to construe the 2008 version of the statute because it represents a change in the law, not a clarification. Fourteen years elapsed between enactment of the original version of A.R.S. § 42-14155 in 2000 and the 2014 amendment. Additionally, the operative language of the statute, including the 2008 version, did not significantly change between 2000 and the 2014 amendment. *See* Arizona Session Laws 2000, Ch. 214, § 4. The 2014 amendment makes "significant additions to and departures from prior law." *San Carlos*, 193 Ariz. at 210, ¶ 31. The amendment adds the concept of "taxable original cost" to determination of "depreciated cost" and provides additional definitions for "original cost" and "taxable original cost" that result in a different valuation formula. A.R.S. § 42-14155 (2014).

**¶23** Upon examining the language of section 42-14155 (2008), we conclude the plain language of the statute is clear and unambiguous. The statute provides that "[t]he value of renewable energy equipment is twenty percent of the depreciated cost of the equipment." A.R.S. § 42-14155 (2008). The statute does not include a special definition of "cost"; indeed, there is no language indicating the "cost of the equipment" means anything other than the amount expended to purchase and install renewable energy equipment. *See Mid Kansas Fed. Sav. and Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 128 (1991) (stating that statute's words "are to be given their ordinary meaning, unless the legislature has offered its own definition of the words or it appears from the context that a special meaning was intended"). Thus, the plain language of the statute requires the Department to take twenty percent of the total cost of the equipment (before application of tax credits or cash grants) to determine valuation of the renewable energy equipment.

**¶24** We will not insert a different definition of cost where the legislature has expressly declined to do so. *See Norgord v. State ex rel Berning*, 201 Ariz. 228, 230-31, ¶ 7 (App. 2001) (stating that when interpreting a statute we consider the context including how the statute in question relates to the entire regulatory scheme). If the legislature intended the Department to use the cost to the Taxpayer after receipt of tax credits in valuing renewable energy property, it would have explicitly directed the

Department to do so. In fact, the 2014 amendment does just that. Instead, the prior statute's complete lack of any specific definition of cost, coupled with a definition of cost provided in A.R.S. § 42-14156 that conforms to the plain meaning of the term, supports our interpretation. *Compare* A.R.S. § 42-14155 (2008) with A.R.S. § 42-14156.

¶25 Furthermore, the federal tax incentives providing qualifying facilities with a one-time tax credit or cash grant in the amount of 30% of the renewably energy project's cost were not in effect when the legislature adopted the original version of A.R.S. § 42-14155 in 2000. The federal tax credits and cash grants Taxpayers obtained in this case were enacted in 2009 as part of the American Recovery and Reinvestment Act. American Recovery and Reinvestment Act, Pub. L. No. 111-5 § 1102, 123 Stat. 115; *see also* Kevin M. Walsh, *Renewable Energy Financial Incentives: Focusing on Federal Tax Credits and the Section 1603 Cash Grant: Barriers to Development*, 36-SPG Environs Envtl. L. & Pol'y J. 207, 214-15 (2013) (stating that in addition to existing Production Tax Credits ("PTC") the act created new incentives; Investment Tax Credits ("ITC") and section 1603 cash grants). Accordingly, there is no basis to infer the Arizona legislature intended to include these federal ITCs or section 1603 cash grants, enacted in 2009, as part of the "depreciated cost of equipment" in the prior version of section 42-14155.

¶26 Taxpayers argue that adding tax credits or cash grants back to the cost of the equipment contravenes the purpose of A.R.S. § 42-14155. We disagree. The purpose of § 42-14155 is to promote the use of renewable energy equipment by providing tax incentives. Arizona Senate Fact Sheet, 2008 Reg. Session H.B. 2614 (July 15, 2008). However, the statute accomplishes this purpose without providing rebates for purchasing equipment in the amount of the subject federal tax credits and grants. A.R.S. § 42-14155 (2008) provides renewable energy equipment be valued at 20% of its normal depreciated cost. This is a significant tax benefit in comparison to electric generation equipment that does not qualify as renewable energy equipment, which is valued at much higher depreciation rates over the first five years of operation. *See* A.R.S. § 42-14156(A)(1)-(3).

¶27 Furthermore, Arizona has a separate provision of renewable energy production tax credits as set out in A.R.S. §§ 43-1083.02 and -1164.03. State tax credits are provided on a yearly basis, claimed by the taxpayer on the return for the taxable year, and based on the electricity generated. A.R.S. § 43-1083.02(C); A.R.S. § 43-1164.03(C). Our interpretation of "depreciated cost of the equipment" in section 42-14155 does not impair the benefit provided by these tax incentives. Accordingly, we conclude that

the plain language of A.R.S. § 42-14155 (2008) supports the Department's valuation of Taxpayers' property.

## IV.     Uniformity Clause

**¶28**          Taxpayers claim that failing to interpret the 2014 amendment as a clarification of earlier versions of A.R.S. § 42-14155 violates the "Uniformity Clause" of the Arizona Constitution. Specifically, Taxpayers contend that "original owner(s) will have an inflated tax value, resulting from the inclusion" of federal tax credits or cash grants in their "depreciation cost." Alternatively, "a subsequent owner" will have a lower "cost" because "it never received those tax benefits." However, the basis for Taxpayers' claim is purely speculative; we do not address it. *See Magellan S. Mtn. Ltd. P'ship v. Maricopa Cty.*, 192 Ariz. 499, 504, ¶ 23 (App. 1998) (stating that taxpayers must establish violation of the Uniformity Clause beyond a reasonable doubt).

## V.     Taxation of Intangible Assets

**¶29**          We similarly reject Taxpayers' argument that the Department improperly taxed the federal tax credits and cash grants, which are intangible assets. The Department has only taxed the cost of the renewable energy equipment. It's determination that the cost should not be lessened by tax credits or cash grants taxpayers may receive as part of a federal tax incentive does not result in taxation of those incentives; it merely results in taxation based on the cost originally expended on the equipment.

## CONCLUSION

**¶30**          For the reasons discussed above, we affirm the trial court's grant of summary judgment in favor of the Department. As the Taxpayers have not prevailed, we deny their request for fees. A.R.S. § 12-348.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama