IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SIETE SOLAR, LLC, et al., *Plaintiffs/Appellants*,

*v.*

ARIZONA DEPARTMENT OF REVENUE, et al., *Defendants/Appellees*.

No. 1 CA-TX 18-0002
FILED 1-29-2019

Appeal from the Arizona Tax Court
No.  TX2014-000212
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Mooney Wright & Moore, PLLC, Mesa
By Paul J. Mooney (argued) and Bart S. Wilhoit
*Counsel for Plaintiffs/Appellants*

Arizona Attorney General's Office, Phoenix
By Macaen F. Mahoney and Lisa Neuville (argued)
*Counsel for Defendants/Appellees*

**OPINION**

Acting Presiding Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

**M c M U R D I E**, Judge:

¶1 Appellants Siete Solar, LLC ("Siete"), Mesquite Solar, LLC ("Mesquite"), and Perrin Ranch Wind, LLC ("Perrin") appeal from the tax court's dismissal of their complaint, and Arlington Valley Solar Energy II, LLC ("Arlington") appeals the court's grant of summary judgment for the Arizona Department of Revenue (the "Department"). We affirm the tax court's application of Arizona Revised Statutes ("A.R.S.") section 42-14153(C) and hold that a statutory amendment enacted after the valuation date that changes the method of valuation requires retroactive application to apply to the corresponding tax year.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The parties do not dispute the facts in this case. Siete, Mesquite, Perrin, and Arlington (collectively "Taxpayers"), operate electric generation facilities that use renewable energy equipment. As part of the American Recovery and Reinvestment Act of 2009, Taxpayers received either an investment tax credit or a cash grant in lieu of the credit (either referred to as "tax incentive") for a portion of the costs to build their respective facilities.

¶3 In February of each year, the Department provides a form to facility owners requesting information necessary for the valuation of property. A.R.S. § 42-14152(A). The Department then calculates the value of renewable energy equipment pursuant to A.R.S. § 42-14155 and A.R.S. § 42-14156 (collectively the "valuation method"). Before an amendment in 2014, A.R.S. § 42-14155(B) directed the Department to value renewable energy equipment at "twenty per cent of the depreciated cost of the equipment," but provided no definition of "cost."

¶4 In 2013, Siete, Mesquite, and Perrin (the "2014 Appellants") each submitted an annual report to the Department for the 2014 tax year reporting the cost of their facilities. The 2014 Appellants' respective reports calculated their cost of the energy equipment by subtracting the amount received in tax incentives from the actual cost. However, the Department disallowed the deducted tax-incentive amounts before applying the valuation method to determine the properties' full cash value (the "final valuation"). The Department's refusal to deduct the tax-incentive amounts from the actual cost increased the 2014 Appellants' tax liability. The 2014 Appellants appealed to the State Board of Equalization, which upheld the Department's final valuation. The 2014 Appellants appealed the Board's decision.

¶5 While the 2014 Appellants' appeal was pending in the superior court, the legislature enacted an amendment to A.R.S. § 42-14155 (the "2014 Amendment"). The 2014 Amendment altered the valuation method by specifically allowing taxpayers to deduct tax incentives from the cost of renewable energy equipment. *See* A.R.S. § 42-14155(C)(4) (2014). Because the 2014 Amendment did not contain an emergency provision or a retroactivity clause, it became effective on July 24, 2014, the general effective date for legislation enacted during the 2014 session. *See* Ariz. Const. art. 4, pt. 1, § 1(3). Eventually, the 2014 tax year dispute resulted in an appeal to this court. *See Siete Solar, LLC v. Ariz. Dep't of Revenue* (*Siete I*), 1 CA-CV 15-0126, 2015 WL 8620672 (Ariz. App. Dec. 10, 2015) (mem. decision). On appeal, the 2014 Appellants argued the 2014 Amendment should apply to their tax appeal because it became effective before the taxes in question were assessed. *Id.* at *3, ¶ 12.

¶6 In August 2014, while the dispute over the 2014 tax year valuations continued, the Department issued the final valuations for the 2015 tax year. Taxpayers had again reported their cost as the actual cost minus the tax incentives. The Department, applying the pre-amended version of A.R.S. § 42-14155, again disallowed the tax incentive amounts to be deducted from the actual costs before computing the Taxpayers' final valuations. Taxpayers timely appealed the 2015 final determination directly to the tax court pursuant to A.R.S. § 42-16204. Taxpayers moved for summary judgment, asserting the Department was obligated to use the valuation method prescribed in the 2014 Amendment for their final valuations. Because the 2014 Appellants' appeal was still pending, the tax court stayed the 2015 tax-year proceedings pending a decision in the prior case.

¶7 In *Siete I*, we concluded that the 2014 Amendment was not retroactive—nor was it a clarification of the law—and thus, it did not apply to the 2014 tax year. 2015 WL 8620672, at *4, ¶ 18. After the decision, the Department moved to dismiss the 2014 Appellants' complaint for the 2015 tax year based on issue preclusion and for summary judgment on Arlington's claims. The tax court denied Taxpayers' motion for summary judgment and granted the Department's motions. Taxpayers timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶8 Taxpayers argue on appeal that the tax court erred by: (1) granting the Department's motion to dismiss the 2014 Appellants' claims based on issue preclusion and granting the Department's summary

3

judgment motion against Arlington based on the decision in *Siete I*; and (2) not applying the 2014 Amendment to the 2015 tax year, resulting in the improper denial of Taxpayers' motion for summary judgment on all claims.

**¶9**        We review the tax court's dismissal of a complaint for failure to state a claim, *Zubia v. Shapiro*, 243 Ariz. 412, 414, ¶ 13 (2018), and grant of summary judgment, *Sw. Airlines Co. v. Ariz. Dep't of Revenue*, 217 Ariz. 451, 452, ¶ 6 (App. 2008), *de novo*. Although Taxpayers' appeal presents several procedural issues regarding the dismissal of the claims, we confine ourselves to the one substantive issue that is dispositive—whether the Department was required to calculate the 2015 tax year final valuations in accordance with the 2014 Amendment, which was enacted after the valuation date but prior to the date when the Department must determine the final valuation. Statutory interpretation raises questions of law and is reviewed *de novo*. *Calpine Constr. Fin. Co. v. Ariz. Dep't of Revenue*, 221 Ariz. 244, 247, ¶ 12 (App. 2009).

**¶10**        Taxpayers contend the tax court misapplied the law because: (1) the legislature intended for the 2014 Amendment to apply to the 2015 tax year; and (2) principles of retroactivity need not apply because the 2014 Amendment was enacted before the Department set the final valuations for the 2015 tax year. Taxpayers assert the Department was not required to apply the law as it existed *on* the valuation date. Instead, they contend, A.R.S. § 42-14153(C) "merely fixes the date the parties must use to determine full cash value." We understand the Taxpayers' argument to be that the legislature may change the valuation method at any time during the valuation year and the application of the new valuation method to property—as it existed on the valuation date—is not a retroactive application of the law.

**A.        Unless the Legislature States Otherwise, the Law Governing the Valuation Method and Classification of Property is the Law in Effect on the Valuation Date.**

**¶11**        The Department is charged with determining a property's full cash value in accordance with A.R.S. Title 42, Chapter 14. The applicable statutes read as follows:

> On or before August 31 of each year the department shall find the full cash value of the property of each [electric generation facility] that operates in this state.

A.R.S. § 42-14153(A).

> [T]he department shall determine the full cash value of
> taxable renewable energy equipment in the manner
> prescribed by this section.

A.R.S. § 42-14155(A).

> The valuations required by this section are the values
> determined as of January 1 of the valuation year.

A.R.S. § 42-14153(C).

> "Valuation year" means . . . the calendar year preceding the
> year in which the taxes are levied.

A.R.S. § 42-11001(19)(a).

Under these provisions, on or before August 31 of each year, the Department must determine the final valuation of taxable renewable energy equipment as it existed on January 1 of the same year, the valuation date.[1] The final valuation is then used to assess the tax for the upcoming year—the tax year.

¶12        Taxpayers make several arguments to support their contention that the valuation date does not "set" the law in effect on that date, it is merely a point in time to base the valuation. We disagree for the following reasons.

> ### 1. The Final Valuation May be Altered Only Pursuant to Statute.

¶13        Taxpayers argue that because the final valuation may be altered after the valuation date, A.R.S. § 42-14153(C) does not require the Department to use the law that is in effect on that date. As support, they cite A.R.S. § 42-14004 and A.R.S. § 42-15105(1). But these statutes do not support Taxpayers' contentions. Although the legislature instructs the Department on the manner and method of valuation, it allows county assessors some discretion. *Compare* A.R.S. § 42-14155(A) ("[T]he department

---

[1]        Although A.R.S. § 42-14153(C) refers to January 1 of the "valuation year," A.R.S. § 42-11001(18) defines "valuation date" as "January 1 of the year preceding the year in which taxes are levied." We refer to January 1 of the valuation year as the "valuation date" for brevity and because there is no distinction between the two dates.

shall determine the full cash value of taxable renewable energy equipment in the manner prescribed by this section."), *with* A.R.S. § 42-13051(B)(2) (an assessor must determine the full cash value "using the manuals furnished and procedures prescribed by the department"), *and Berge Ford, Inc. v. Maricopa County*, 172 Ariz. 483, 485 (Tax Ct. 1992) ("The criteria which the assessor applies are derived from applicable statutes, guidelines of the Department of Revenue, and policy from the assessor's own office. The statutory framework which provides for the assessment of property contemplates that the assessor will exercise much discretion in deciding classification and valuation.").

¶14        The Department values renewable energy equipment pursuant to statute. The legislature left no room for the Department to exercise its discretion when it determines the valuation of renewable energy equipment. Although Taxpayers' cited statutes do allow for an alteration of the final valuation, the legislature has only authorized specific tax officers to revalue property under certain circumstances. *See* A.R.S. § 42-14004 (the Department may only change the valuation to properly reflect the property's full cash value); A.R.S. § 42-15105(1) (the county assessor may change a property's classification and value if the nature of the property has changed). Taxpayers have not pointed to—nor have we found—a statute that authorizes the Department to revalue property to account for a change in the valuation method after the valuation date.[2]

### 2.    The Valuations Determined Pursuant to A.R.S. § 42-14153(C) Require the Department to Apply the Law in Effect on the Valuation Date.

¶15        Next, Taxpayers assert that the language "as of" in A.R.S. § 42-14153(C) permits the Department to apply a valuation method that came into existence after the valuation date. They attempt to separate the valuation method from the valuation characteristics of the property, which are used to classify and appropriately value the property under the applicable valuation method. *See Aileen H. Char Life Interest v. Maricopa County*, 208 Ariz. 286, 291, ¶ 8 (2004) ("Four general elements comprise the

---

[2]        Taxpayers argue in their reply brief and at oral argument that the Department selectively implemented portions of the 2014 Amendment by adopting depreciation tables. We decline to consider the argument as it was not raised in the opening brief. *See* ARCAP 13(a)(7); *Stafford v. Burns*, 241 Ariz. 474, 483, ¶ 34 (App. 2017) (the failure to develop an argument in a meaningful way constitutes waiver).

formula by which Arizona measures a property tax: classification, valuation, assessment ratio, and tax rate."). Taxpayers contend that A.R.S. § 42-14153(C) does not fix the law as it exists on the valuation date but fixes the characteristics of the property (e.g., the age of the property) as they exist on that date.

**¶16**        "We construe related statutes in the context of the statutory scheme and strive to achieve consistency among them. We also strive to avoid an absurd result, which is defined as one 'so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion.'" *Ariz. Dep't of Revenue v. S. Point Energy Ctr., LLC*, 228 Ariz. 436, 439, ¶ 12 (App. 2011) (citation omitted) (quoting *Perini Land & Dev. Co. v. Pima County*, 170 Ariz. 380, 383 (1992)). Absent statutory definitions, courts apply common meanings to words and phrases used in a statute. *S. Point Energy*, 228 Ariz. at 440, ¶ 15.

**¶17**        A.R.S. § 42-14153(C) states that the valuations required are the "values determined as of" the valuation date. Taxpayers argue that if the legislature intended to bind the parties to the law "as if it was" on January 1, it would have stated "on." However, "as of" generally means at or on a specific time or date. *See United States v. Munro-Van Helms Co.*, 243 F.2d 10, 13 (5th Cir. 1957) ("'As of' means 'as if it were.'"). Moreover, substituting the word "on" in the statute would alter its meaning. To read the statute as Taxpayers suggest would require the Department to determine all property valuations *on the date of* January 1, which is not the case. The Department starts the valuation process on January 1, the final valuations must be completed by August 31.

**¶18**        Additionally, the "valuation" is the result of applying the valuation method for the property as classified. *See* A.R.S. § 42-11001(6), (17) (valuation means the value determined as prescribed by statute). Accordingly, the "values determined as of [the valuation date]" necessarily include not only the application of the legal classification criteria as if it were the valuation date, *see e.g.*, *Phxaz Ltd. P'ship v. Maricopa County*, 192 Ariz. 490, 492, ¶ 6 (App. 1998) ("For tax year 1995, the Maricopa County Assessor took the position that *as of* the valuation date of January 1, 1995, the 213-acre golf course parcel did not constitute a 'golf course' for the purposes of A.R.S. section 42-146(G)." (emphasis added)); *SMP II Ltd. P'ship v. Ariz. Dep't of Revenue*, 188 Ariz. 320, 324 (App. 1996) ("Taxpayer responds by acknowledging the rule that a valuation decision must be based solely on evidence in existence *as of* the assessment date." (emphasis added)), but also the law as if it were the valuation date, *see* A.R.S. § 42-16257.

¶19 Likewise, to interpret "as of" to mean anything other than "as if it were" would lead to an absurd result. Taxpayers take the position that because the legislature did not expressly direct the Department to determine property valuation by the valuation method "in effect on the valuation date," as it did in A.R.S. § 42-16257, the valuation date was not intended to set the law applicable to the valuation method. However, A.R.S. § 42-16257 only bolsters the Department's interpretation. A.R.S. § 42-16257, which governs property valuation in the case of a correction, requires the Department to "use the valuation and legal classification criteria that were in effect on the valuation date for the tax year of the correction." If Taxpayers are correct that the Department must apply the 2014 Amendment to their final valuations—but when correcting an error for a similarly situated taxpayer, the Department is limited to the law in effect on the valuation date—it would yield an "absurd result" as it would violate our constitution. *See* Ariz. Const. art. 9, § 1 ("[A]ll taxes shall be uniform upon the same class of property . . . .").

## B. We Decline to Examine the Legislative Intent Because A.R.S. § 42-14153(C) Is Not Ambiguous.

¶20 Taxpayers additionally argue that as the primary goal in statutory interpretation is to give effect to the Legislature's intent, the legislature showed its intent for the 2014 Amendment to apply to the 2015 tax year by "expressly stat[ing] that the new law would be effective on the 'general effective date,'" (which was July 24, 2014) in the HB2403 Fact Sheet. And because the "primary intent of the amendment to § 42-14155 was to resolve the issue of how to handle cash grants and investment tax credits in the context of statutory valuation," Taxpayers maintain it would not be reasonable for the legislature to enact a statute to fix a problem, and "hold the statute in abeyance for over a year after it expressly decreed it would go into effect."

¶21 We decline to create ambiguity in order to allow us to examine the legislature's intent. "When the plain text of a statute is clear and unambiguous there is no need to resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernable from the face of the statute." *State v. Christian*, 205 Ariz. 64, 66, ¶ 6 (2003); *see also U.S. W. Commc'ns, Inc. v. Ariz. Dep't of Revenue*, 193 Ariz. 319, 322, ¶ 12 (App. 1998). Taxpayers fail to identify any language *within the statute* that shows retroactive intent. *See* A.R.S. § 1-244 ("No statute is retroactive unless expressly declared therein."); *see also Aranda v. Indus. Comm'n of Ariz.*, 198 Ariz. 467, 470, ¶ 10 (2000) ("Statutes must contain an express statement of retroactive intent before retroactive application

may occur."); *see also* 2003 Ariz. Sess. Laws, ch. 37, § 4 (1st Reg. Sess.) (amending the definition of "renewable energy equipment" in A.R.S. § 42-14155(C) for valuation purposes); *id.* at § 8 ("This act is effective retroactively to from and after December 31, 2002."); *see also San Carlos Apache Tribe v. Superior Court ex rel. County of Maricopa*, 193 Ariz. 195, 204–05, ¶ 14 (1999) ("Declarations of intent may be helpful in interpretation, but the text of a measure must be considered first and foremost.").

## C. The Legislature *May* Change the Law Governing the Valuation Method After the Valuation Date, but for the Department to Apply the New Valuation Method to the Final Valuation for the Corresponding Tax Year, the Statute Must be Denoted as Retroactive.

¶22 Taxpayers assert that retroactive application of the 2014 Amendment is not necessary because applying a newly enacted valuation method is not a retroactive application of the law, so long as the law is enacted before the start of the tax year.

¶23 Previously, the 2014 Appellants argued that "the 2014 amendment applie[d] to their tax appeals because the amendment became effective before the taxes in question were assessed." *Siete I*, 2015 WL 8620672, at *3, ¶ 12; *see also* A.R.S. § 42-15051 ("[P]roperty is assessed for taxes levied under this title when its valuation is determined and lawfully placed on the roll."). In this appeal, Taxpayers maintain that because the 2014 Amendment was enacted before the subject tax year—rather than the date of assessment—retroactivity is unnecessary, and "[*Siete I*] does not, and could not, overrule or disapprove of" "the breadth of authority establishing that changes in valuation methods occurring during the valuation year are applied to the corresponding tax year without being retroactive." The one tax case Taxpayers cite for the "breadth of authority" is *Waddell v. 38th St. P'ship*, 173 Ariz. 137 (Tax Ct. 1992).

¶24 But, as before, "Taxpayers' reliance on *Waddell* . . . is misplaced." *Siete I*, 2015 WL 8620672, at *3, ¶ 12. In *Waddell*, several taxpayers prevailed in appealing their final valuations for the 1991 tax year after this court announced the standard the Department was to use to classify certain property. 173 Ariz. at 138–39; *see also Hayden Partners Ltd. P'ship v. Maricopa County*, 166 Ariz. 121, 123 (App. 1990). Shortly thereafter, the legislature passed an amendment clarifying the standard. The amendment included an emergency provision and expressly provided for the statute to be retroactive to the 1986 tax year. *Waddell*, 173 Ariz. at 139. The Department then sued the taxpayers who had succeeded in obtaining

a different final valuation amount under the *Hayden Partners* standard for the 1991 tax year. *Id.* The taxpayers appealed, arguing the retroactive application violated their due-process rights. *Id.* at 140. The tax court held that "[t]he legislature has the power to make changes in classification standards at any time. It may make such changes retrospective, so long as, in doing so, it does not impair a vested right." *Id.* at 141.

¶25    *Waddell* does not support the Taxpayers' position that a change in the law enacted after the valuation date must apply to the corresponding tax year even without a retroactivity clause. Although the amendment in *Waddell* included a retroactivity clause, Taxpayers claim that the retroactive statement was not necessary. They argue that unlike in *Waddell,* where the legislature enacted the amendment during the subject tax year, here the legislature knew that it was enacting the statute before the Department set the 2015 (the subject tax year) final valuations. However, given our statutory scheme's prospective valuation process, for an amendment altering the valuation method enacted after the statutory valuation date to apply to the upcoming tax year, the amendment must be applied retroactively. *See Daou v. Harris*, 139 Ariz. 353, 357 (1984) ("[W]e presume that the legislature, when it passes a statute, knows the existing laws."); *see also Siete I*, 2015 WL 8620672, at *4, n.4 ("Indeed, the legislature is aware of its power to make tax statutes retroactive, and has done so on many occasions when amending laws regarding the valuation of property. *See, e.g.*, 2009 Ariz. Sess. Laws, ch. 169, §§ 1–2 (amending A.R.S. § 42-14403; relating to the valuation of telecommunications property, retroactively effective to December 31, 2008); 2002 Ariz. Sess. Laws, ch. 234, § 3 (amendments relating to valuation of electric generation property and retroactively effective to January 1, 2002); 1994 Ariz. Sess. Laws, ch. 271, §§ 2–3 (amendments relating to valuation of telecommunications property and retroactively effective to January 1, 1994).").

¶26    Alternatively, Taxpayers argue we should "adopt the same position that [the Department]" did in *Waddell*, that "application of the statutory amendment is not a retroactive application at all." The Department's position in *Waddell* was that the amendment was a clarification of the law, not a change in the law. However, Taxpayers conceded in addressing the procedural issues in this case that the 2014 Amendment was a change in the law. *Waddell* represents a limitation on the legislature's power to enact a statute retroactively when it affects a vested substantive right. It does not, however, suggest that a statute that does not affect a vested substantive right is presumptively applied retroactively.

¶27        Finally, Taxpayers insist that because "a statute is considered retroactive when it affects a vested right," *Gore v. Gore*, 169 Ariz. 593, 595 (App. 1991), and "taxpayers have no vested right in the factors used to determine the actual value of assessed property," *Waddell*, 173 Ariz. at 141 (quotation omitted), the application of the 2014 Amendment's valuation method should not be considered a retroactive application. They support their argument by focusing on the "completed events." *See Aranda*, 198 Ariz. at 471, ¶ 18 ("A property right 'vests' when every event has occurred which needs to occur to make the implementation of the right a certainty.").

¶28        We find Taxpayers' arguments do not apply. None of the cases address tax statutes. Nor do they concern a statute that specifically points to a date that the Department is required to base its final valuation. *See Gore*, 169 Ariz. at 595 (legislature's amendment extending child support obligations from the age of majority to the child's completion of high school was not considered a retroactive application because the statute was enacted before the parent's right was vested on the child's 18th birthday); *Harrelson v. Indus. Comm'n of Ariz.*, 144 Ariz. 369, 370 (App. 1984) (statute applied retroactively that prevented administrative law judge from considering an untimely petition). Taxpayers' mischaracterization of these cases, suggesting that the Department must apply a change in the law if it changes the method of valuation "at any time until the taxing process is complete" *unless* it affects a substantive vested right, is simply incorrect. *See Aranda*, 198 Ariz. at 470, ¶ 11 ("Enactments that are procedural only, and do not alter or affect earlier established substantive rights *may* be applied retroactively. Even if a statute does not expressly provide for retroactivity, it *may* still be applied if merely procedural because litigants have no vested right in a given mode of procedure." (emphasis added)); *In re Dos Cabezas Power Dist.*, 17 Ariz. App. 414, 418 (1972) ("The rule is that any right conferred by statute *may* be taken away by statute before it has become vested." (emphasis added)). Because a statute *may* be applied retroactively, does not mean it *must* be applied retroactively.

¶29        As explained above, and in *Siete I*:

> Valuations are set by the Department annually the year prior to the tax year; that valuation is then used to determine the full cash value of taxable property in accordance with statutory methods provided depending on the type of property. A.R.S. § 42-14151. The legislature has presumptively set the valuation date for property valued by the Department as "January 1 of the year preceding the year in which taxes are levied." A.R.S. § 42-11001(18). Thus, the

valuation method employed by the Department in this case was statutorily mandated to be the method in place on [the valuation date] unless the legislature specifically provided otherwise.

2015 WL 8620672, at *4, ¶ 17. Taxpayers urge us to "avoid the temptation to rely on dicta from [*Siete I*]." We, nevertheless, reach the same conclusion. Because the language of A.R.S. § 42-14155 is unambiguous, and the amendment did not contain an express statement of retroactive intent, we reject the Taxpayers' argument that the Department improperly calculated Taxpayers' final valuation based on the version of A.R.S. § 42-14155 that was in effect on January 1, 2014.

## CONCLUSION

**¶30** Accordingly, we affirm. As the Taxpayers have not prevailed, we deny their request for fees.



AMY M. WOOD • Clerk of the Court
FILED: AA