IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

SOLARCITY CORPORATION, ET AL.,
*Plaintiffs/Appellants,*

*v.*

ARIZONA DEPARTMENT OF REVENUE,
*Defendant/Appellee.*

SOLARCITY CORPORATION, ET AL.,
*Plaintiffs/Appellees,*

*v.*

ARIZONA DEPARTMENT OF REVENUE,
*Defendant/Appellant.*

No. CV-17-0231-PR
Filed March 16, 2018

Appeal from the Superior Court in Maricopa County
The Honorable Christopher T. Whitten, Judge
No. TX2014-000129
**AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH
INSTRUCTIONS**

Opinion of the Court of Appeals, Division One
242 Ariz. 395 (App. 2017)
**VACATED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, Dominic E. Draye, Solicitor General, Kenneth J. Love, Jerry A. Fries (argued), Macaen F. Mahoney, Assistant Attorneys General, Phoenix, Attorneys for Arizona Department of Revenue

Paul J. Mooney (argued), Bart S. Wilhoit, Mooney, Wright & Moore, PLLC, Mesa; Mark S. Davies, Rachel G. Shalev, Orrick, Herrington & Sutcliffe, LLP, Washington DC; Paul D. Meyer, Orrick, Herrington & Sutcliffe, San Francisco, CA, *Pro Hac Vice* Attorneys for Solarcity Corporation; Court S. Rich, Logan V. Elia, Rose Law Group, PC, Scottsdale, Attorneys for Sunrun, Inc.

Roberta S. Livesay, Joshua W. Carden, Helm, Livesay, Worthington, LTD, Tempe, Attorneys for Amicus Curiae Arizona Association of Counties

Jason Pistiner, Singer Pistiner, P.C., Scottsdale; Michael S. Dicke, Casey O'Neill and Nair Diana Chang, Fenwick & West LLP, San Francisco, CA, *Pro Hac Vice* Attorneys for Amicus Curiae Arizona Solar Energy Industries Association

Douglas S. John, Frazer Ryan Goldberg & Arnold, LLP, Phoenix, Attorneys for Amicus Curiae NRG Energy, Inc.

Maureen Beyers, Beyers Farrell PLLC, Phoenix, Attorneys for Amicus Curiae Jewish Community Campus, LLC

─────────────

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE BRUTINEL, and JUSTICES PELANDER, BOLICK, GOULD, and LOPEZ joined.

JUSTICE TIMMER, opinion of the Court:

¶1　　　　With exceptions, all property in Arizona is "subject to taxation to be ascertained as provided by law." Ariz. Const. art. 9, § 2(13);

A.R.S. § 42-11002.[1]  Property is valued for tax purposes either "centrally" by the Arizona Department of Revenue ("ADOR") or "locally" by county assessors.  *See* A.R.S. §§ 42-13002 to -13501; 42-14001 to -14503.  Valuation is based on the "full cash value" of the property as directed by statute.  *Id.* § 42-11001(6).  Unless a statute prescribes otherwise, full cash value corresponds to market value, determined by applying standard appraisal methods and techniques set by ADOR.  *Id.* §§ 42-11001(6), -11054(A)(1).

**¶2**        The issues here are whether ADOR or county assessors are authorized to value solar panels owned by SolarCity Corporation and Sunrun, Inc. (collectively, "Taxpayers") and leased to residential and commercial property owners; what valuation methodology applies; and, assuming a zero-value provision in § 42-11054(C)(2) applies, whether it violates the Arizona Constitution's Exemptions Clause or Uniformity Clause.  *See* Ariz. Const. art. 9, §§ 1–2.  We hold that ADOR is not authorized to value the leased solar panels.  We remand to the tax court to decide the remaining issues.

**BACKGROUND**

**¶3**        Taxpayers lease solar panels to homeowners and commercial property owners.  The panels are installed on or around a building (e.g., on a rooftop) to capture solar energy, convert it to electricity in a self-contained "inverter," and use it to power the property.  Although the panels operate "behind the . . . meter" — meaning they operate independently of a utility company's power grid — they transfer any excess energy to the utility company through the grid for others' use.  The utility company gives the lessee property owner credit for the retail value of the excess energy.  *See* Ariz. Admin. Code R14-2-2306(D).

**¶4**        For years, Taxpayers' leased solar panels were neither valued nor taxed.  That changed when ADOR issued a "notice of value" for tax year 2015, which notified Taxpayers that their panels had been assigned full cash values, and taxes would be assessed.  Taxpayers responded by filing this lawsuit.  They sought a declaratory judgment that (1) the panels are "considered to have no value" pursuant to § 42-11054(C)(2) and therefore

---

[1]    Although the legislature has amended some statutes cited in this opinion since this lawsuit began, we cite the current versions because the amendments do not affect the issues presented.

are not subject to valuation or assessment for property tax purposes, and (2) the panels are not subject to valuation under §§ 42-14151 and -14155, which authorize ADOR to value "renewable energy equipment" used by taxpayers in the operation of an "electric generation facility." ADOR responded that it properly valued the panels under those statutes. It alternately asserted that applying § 42-11054(C)(2)'s "zero value" provision to the panels would violate the Exemptions Clause and the Uniformity Clause of the Arizona Constitution. *See* Ariz. Const. art. 9, §§ 1–2.

¶5        On cross-motions for summary judgment, the tax court agreed in part with each party. The court agreed with Taxpayers that §§ 42-14151 and -14155 do not authorize ADOR to value leased solar panels. Instead, the court ruled that the panels are "general property" that must be valued by county assessors pursuant to § 42-13051(A), which concerns real property valuation. On the other hand, the court agreed with ADOR that the zero-value provision of § 42-11054(C)(2) violates both the Exemptions Clause and the Uniformity Clause of the Arizona Constitution. The tax court therefore ruled that county assessors must value Taxpayers' leased solar panels and, in doing so, cannot assign a zero value.

¶6        The court of appeals affirmed in part and reversed in part. *SolarCity Corp. v. Ariz. Dep't of Revenue*, 242 Ariz. 395, 399 ¶ 4 (App. 2017). It agreed with the tax court that §§ 42-14151 and -14155 do not authorize ADOR to value Taxpayers' panels. *Id*. But it found that § 42-11054(A)'s directive that ADOR prescribe appraisal guidelines, together with § 42-11054(C)(2)'s zero-value provision, authorizes ADOR, not the counties, to value the solar panels. *Id*. at 408 ¶ 40. Finally, the court concluded that § 42-11054(C)(2) violates neither the Exemptions Clause nor the Uniformity Clause. *Id*. at 405–07 ¶¶ 29–39. The court of appeals thus decided that ADOR must value Taxpayers' solar panels but give them a zero value.

¶7        We granted review to determine whether ADOR is authorized to value Taxpayers' leased solar panels for taxation purposes, a recurring issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

### I. ADOR's authority to value the solar panels

¶8        We review de novo the tax court's grant of summary judgment and its interpretation of Arizona's tax statutes. *See Delgado v. Manor Care of Tucson AZ, LLC*, 242 Ariz. 309, 312 ¶ 10 (2017). Our goal in statutory interpretation is to effectuate the legislature's intent. *State ex rel. DES v. Pandola*, 243 Ariz. 418, 419 ¶ 6 (2018). The best indicator of that intent is the statute's plain language, which we read in context with other statutes relating to the same subject or having the same general purpose, and when that language is unambiguous, we apply it without resorting to secondary statutory interpretation principles. *See id.*

### A. A.R.S. §§ 42-14151, -14155

¶9        Section 42-14151(A) broadly authorizes ADOR to value property owned or leased by gas, water, electric, sewer, and wastewater utilities, including "all property, owned or leased, and used by taxpayers in the following businesses . . . (4) [o]peration of an electric generation facility." ADOR is required to annually determine the full cash values of these properties in each taxing district and transmit the valuations to the respective county assessor. A.R.S. § 42-14153. The legislature prescribed valuation methods for the utilities described in § 42-14151(A). *See* A.R.S. §§ 42-14154 to -14159. As relevant here, § 42-14155 provides the method for determining the "full cash value of taxable renewable energy equipment," which includes "electric generation facilities" used to generate, store, transmit, or distribute solar energy "not intended for self-consumption." *Id.* § 42-14155(A), (C)(3).

¶10        ADOR argues that Taxpayers use their solar panels to operate an "electric generation facility," and § 42-14151(A)(4) therefore authorizes ADOR to value the solar panels. And because Taxpayers do not use the solar energy generated from the panels for "self-consumption," the panels must be valued using the method prescribed by § 42-14155(A) for "renewable energy equipment."

¶11        ADOR's authority to value Taxpayers' solar panels depends on whether Taxpayers operate electric generation facilities under § 42-14151(A). A facility generates electricity if it "tak[es] a source of

energy . . . and convert[s] the energy into electricity to be delivered to customers through a transmission and distribution system." *See* A.R.S. § 42-14151(B) (defining "generation of electricity"); *see also id*. § 42-14156(B)(1) (defining "electric generation facility" for use in applying valuation methodologies as "all land, buildings and personal property . . . used or useful for the generation of electric power"). ADOR argues that because Taxpayers' solar panels convert solar energy into electricity, and excess energy is transmitted on a utility's power grid for use by the utility's customers, § 42-14151(A)(4) applies. We disagree.

¶12 ADOR ignores that § 42-14151(A)(4) applies to businesses that operate an electric generation facility. Taxpayers are in the business of leasing solar panels. They themselves do not operate a facility to convert solar energy into electricity. *See id*. § 42-14151(B). Nor do they deliver electricity to their customers "through a transmission and distribution system." *See id*. Instead, they lease panels to customers to enable those customers to generate electricity for self-use. Although utilities take excess electricity to transmit it to their customers, Taxpayers have no part in these transmissions and receive no benefit from them.

¶13 Because Taxpayers do not operate electric generation facilities, ADOR lacks authority under § 42-14151(A) to value the solar panels. And because § 42-14151(A) does not apply, the valuation method set forth in § 42-14155(A) for renewable energy equipment is likewise inapplicable. Thus, we affirm the tax court's ruling that neither § 42-14151 nor § 42-14155 authorizes ADOR to centrally assess and tax Taxpayers' leased solar panels.

### B. A.R.S. § 42-11054

¶14 The court of appeals concluded that § 42-11054 authorizes ADOR to value Taxpayers' leased solar panels because subsection (A) charges ADOR with prescribing guidelines for applying standard appraisal methods and techniques and subsection (C)(2) provides that "[i]n applying prescribed standard appraisal methods and techniques," solar energy devices and systems designed "primarily for on-site consumption" must be given a zero value. *See SolarCity*, 242 Ariz. at 400 ¶ 40. "Thus, the statute provides a method for [ADOR], not the counties, to value the solar panels." *Id*. (ADOR does not press § 42-11054 as a basis of authority to value Taxpayers' solar panels.)

¶15        The court of appeals misconstrued § 42-11054. That provision does not authorize ADOR to value any property but instead addresses standard appraisal methods and techniques prescribed by ADOR. And while the statute gives ADOR sole authority to "prescribe guidelines for applying standard appraisal methods and techniques," it also provides that these methods "shall be used by [ADOR] and county assessors in determining the valuation of property." A.R.S. § 42-11054(A)(1) (emphasis added). Thus, § 42-11054(C)(2) does not apply exclusively to ADOR and does not authorize it to value Taxpayers' solar panels.

## II. County assessors' authority to value solar panels

¶16        The legislature established classes of property for the common tax treatment of real and personal property. *See* A.R.S. § 42-12010(A). Whether Taxpayers' leased solar panels constitute real or personal property impacts whether § 42-11054(C)(2)'s zero-value provision applies.

## A. Valuation as real property

¶17        The tax court ruled without explanation that Taxpayers' leased solar panels must be locally assessed pursuant to § 42-13051(A), which provides that "each year the county assessor shall identify by diligent inquiry and examination all real property in the county that is subject to taxation and that is not otherwise valued by [ADOR] as provided by law." Under this provision, the assessor then determines the full cash value of this property "using the manuals furnished and procedures prescribed by [ADOR]." *Id*. § 42-13051(B)(2). Thus, if the leased panels are "real property," the assessor would determine their value by applying ADOR's standard appraisal methods and techniques, which are constrained by § 42-11054(C)(2)'s zero-value provision. *See id*. §§ 42-11001(6), -11054(A).

¶18        But leased solar panels are not "real property," and neither ADOR nor Taxpayers assert otherwise. Although § 42-13051(A) uses the term "real property," the term is synonymous with "real estate" because, for tax purposes, property is either "real estate" or "personal property." "Real estate" is "the ownership of, claim to, possession of or right of possession to lands or patented mines," while "personal property" is every other kind of tangible and intangible property "not included in the term

7

real estate." A.R.S. § 42-11001(10), (13); *see also Sw. Airlines Co. v. Ariz. Dep't. of Revenue*, 217 Ariz. 451, 455 ¶ 23 (App. 2008) (noting that it is an "unassailable proposition" under Arizona law that personal property is anything other than what is included in the term "real estate"). Solar panels are neither land nor mines, and no one contends that the panels, which remain the Taxpayers' and not the homeowners' property, are fixtures, taxable as part of the real property. Thus, the panels must be "personal property." Section 42-13051(A) is inapplicable here, and we reverse the tax court's ruling concluding otherwise.

## B. Valuation as personal property

**¶19** ADOR maintains that Taxpayers' leased solar panels fall within the tax code's business personal property classification. As such, ADOR asserts that county assessors are authorized to assess value pursuant to § 42-13054. Section 42-13054(A) provides that "[t]he taxable value of personal property that is valued by the county assessor is the result of acquisition cost less any appropriate depreciation as prescribed by tables adopted by [ADOR]. The taxable value shall not exceed the market value." Because § 42-13054(A) provides a valuation methodology, ADOR argues that county assessors would not use standard appraisal methods and techniques, and therefore § 42-11054(C)(2)'s zero-value provision would not apply. Taxpayers urge us to refrain from deciding the counties' authority to value the leased solar panels and attendant issues because the counties have not sought to tax the panels, the counties are not parties, and Taxpayers sought relief only against ADOR.

**¶20** The solar panels are business personal property under § 42-12001(13). That provision includes within class one property "[p]ersonal property that is devoted to any other commercial or industrial use, other than property that is specifically included in another class described in this article, and that is valued at full cash value." By leasing the solar panels to its customers for a profit, Taxpayers use them for a commercial purpose.

**¶21** The remaining issues before us concern whether § 42-13054 authorizes county assessors to value Taxpayers' solar panels and, if so, whether § 42-11054(C)(2) nevertheless applies to mandate a zero-value assessment. Also, if § 42-11054(C)(2) applies, we are asked to decide

whether its application to the leased solar panels would violate the Arizona Constitution's Exemptions Clause or Uniformity Clause.

**¶22** We agree with Taxpayers that we should refrain from deciding these issues and instead remand for the tax court to address them in the first instance. Neither the tax court nor the court of appeals decided the statutory issues as now framed. *See supra* ¶ 21. Although the tax court has decided the constitutional issues, if it determines that § 42-11054(C)(2) is inapplicable, those issues would be rendered moot.

**¶23** We are also mindful that as this case has progressed, the arguments have become untethered from the questions originally presented to the tax court. Specifically, Taxpayers' complaint sought declaratory relief concerning ADOR's assessment authority, not the counties' authority. Because we have determined that ADOR is not authorized to centrally value and tax the leased solar panels, the counties, which are not parties to this lawsuit, have a substantial interest in arguing their authority to value the solar panels. Remanding to the tax court will permit the counties an opportunity to join the case. *Cf. Bennett v. Brownlow*, 211 Ariz. 193, 196 ¶ 16 (2005) (noting in the context of standing the desirability that "issues be fully developed between true adversaries").

## CONCLUSION

**¶24** We affirm the tax court's judgment to the extent it concludes that ADOR lacks statutory authority to value Taxpayers' leased solar panels. We reverse the remainder of the judgment. We remand for the tax court to determine whether § 42-13054 authorizes county assessors to value the solar panels and, if so, whether § 42-11054(C)(2) nevertheless requires a zero valuation. If the court determines that § 42-11054(C)(2) applies, then it should determine whether that provision violates the Arizona Constitution's Exemptions Clause or Uniformity Clause as applied here. We vacate the court of appeals' opinion. Finally, we deny Taxpayers' request for an award of attorney fees pursuant to § 12-348(B), without prejudice to their reasserting the request if they prevail before the tax court.